## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | |
|---|---|
| TOMEKA C. EDWARDS, | |
| Plaintiff, | |
| vs. | CIV. ACTION NO. _____ |
| TACALA GEORGIA CORP., doing business as Taco Bell, and OLIVIA NORMAN, | JURY TRIAL DEMANDED |
| Defendants. | |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Tomeka C. Edwards ("Edwards" or "Plaintiff"), by and through the undersigned Counsel of Record, and hereby files this Complaint for Damages against Defendants Tacala Georgia Corp., doing business as Taco Bell, and Olivia Norman (*collectively*, "Defendants"), respectfully showing the Court as follows:

## JURISDICTION AND VENUE

1.

The above-captioned case is commenced pursuant to: (a) 42 U.S.C. §§ 2000e, *et seq.*, Title VII of the Civil Rights Act of 1964, as amended, ("Title VII") for pregnancy discrimination and retaliation; (b) the Americans with Disability Act of 1990, as amended, 42 U.S.C. §§ 12101, *et seq.*, ("ADA") for pregnancy discrimination and retaliation; and (c) the laws of the State of Georgia for intentional infliction of emotional distress, as well as negligent retention and supervision.

2.

This Court has original jurisdiction over Plaintiff's Title VII and the ADA claims pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiff's State law claim pursuant to 28 U.S.C. § 1367.

3.

Venue is proper in this District and Division pursuant to 28 U.S.C. § 1391(b) because Defendants reside and/or maintain a place of business in the Middle District of Georgia, Macon Division, and the unlawful employment practices forming the basis of the Complaint occurred in this District and Division.

4.

Plaintiff satisfied all administrative prerequisites to commence the above-captioned case.  Specifically, Plaintiff timely submitted, *inter alia*, a Charge of Discrimination with the Equal Employment Opportunity ("EEOC") within one-hundred-and-eighty (180) calendar days from the day the discrimination took place (Charge No. 410-2021-02088) and Plaintiff has timely commenced the above-captioned case within ninety (90) days of receipt of the Notice of Right to Sue, dated May 6, 2021.

## PARTIES

5.

Edwards is a female citizen of the United States, resident of the State of Georgia, and entitled to bring an action of this nature and type.

6.

Edwards is a resident of the Middle District of Georgia and is subject to this Court's jurisdiction.

7.

At all times relevant to the above-captioned case, Edwards was an employee of Tacala Georgia Corp., doing business of Taco Bell, within the meaning of, *inter alia*, Title VII and the ADA.

8.

Defendant Tacala Georgia Corp., doing business a Taco Bell, ("Tacala") is a Foreign Profit Corporation (Control Number 12089514) authorized to do, and is actually doing, business in the State of Georgia.

9.

Tacala is a restaurant franchise operator with over 300 Taco Bell restaurants across seven States, including, but not limited to, the Taco Bell restaurant located at 4040 Bloomfield Road, Macon, Georgia 31206 ("Macon Restaurant").

10.

Tacala may be served with Summons and this Complaint for Damages via its Registered Agent, Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

11.

Tacala is and was, at all relevant times, a private employer engaged in an industry affecting commerce within the meaning of Title VII and the ADA, employing more than fifty (50) employees for each working day in each of twenty (20) or more calendar weeks in the current and preceding calendar years.

12.

Defendant Olivia Norman ("Norman") is and was, at all relevant times, a citizen of the United States, resident of the State of Georgia, and subject to the jurisdiction of this Court.

13.

Norman is and was, at all relevant times, an employee of Tacala, Market Manager, involved in the day-to-day operation of Tacala, and regularly exercised authority to:  (a) hire and terminate employees, (b) determine the schedules and assignments for employees, (c) supervise employees, and (d) otherwise control operation of Tacala.

14.

Norman is an employee of Tacala and, at all relevant times, Norman was Edward's supervisor, who participated in the unlawful discriminatory and tortious conduct described herein

15.

Norman may be served with process at Tacala located at 3750 Corporate Woods Drive, Vestavia Hills, Alabama 35242.

## STATEMENT OF FACTS

16.

Tacala is a restaurant franchise operator, located in Vestavia Hills, Alabama, with over 300 Taco Bell restaurants across seven States, including, but not limited to, the Macon Restaurant.

17.

Edwards is a forty-two (42) year old female and, at all relevant times, Edwards was pregnant.

18.

At all relevant times, Edwards was a qualified individual under, *inter alia*, the ADA.

19.

After graduating from high school, Edwards attended Central Georgia Technical College, where Edwards received an Associate's Degree in Business Management.

20.

Prior to working with Tacala, Edwards was employed as General Manager for Arby's and Checkers, where Edwards was governed the most improved franchise and had a $1,000,000 in sales award.

21.

In or about May 2020, Edwards began working for Tacala as General Manager of the Macon Restaurant, responsible for, *inter alia*, staffing, training employees, maintaining records, as well as other functions necessary to advance Tacala's mission.

22.

When becoming General Manager, Edwards worked under Norman, Market Manager, who supervises Area Coaches, is responsible for the operational success of the Region, and served as Edwards' direct supervisor.

23.

At all relevant times, Edwards diligently performed all tasks while meeting or exceeding all performance expectations while employed by Tacala. While serving as General Manager, Edwards never received a complaint, discipline, or other adverse employment action. Rather, Edwards received positive reviews for effectively staffing the restaurant and ensuring the repair and maintenance of equipment.

24.

In or about the end of July 2020, Edwards became aware that she was pregnant.

25.

During the week of November 9, 2020, a Manager from another restaurant owned and operated by Tacala advised Norman that Edwards was pregnant and was due in January 2021.

26.

Shortly after learning about Edward's pregnancy in November 2020, Norman came to the Macon Restaurant, where Norman approached Edwards and stated, "Look me in the eyes and tell me you're not pregnant."  Edwards responded, "What are you talking about?"  Norman then replied, "Tequilla told Courtney that you are pregnant and that you're having a boy and that you're due in January."  After Edwards confirmed that Courtney advised Norman of Edwards' pregnancy, Norman stated, "You should have told me.  You are 40 years old and you really don't need any kids."  Furthermore, Norman declared, "***If I knew you were pregnant, I would not have hired you.***"  Finally, Norman then said that she would have to discuss the pregnancy with her boss, Deborah Wilson, Market Coach.

27.

On November 23, 2020, Edwards repeatedly instructed a troublesome team member, Ashley Smith ("Smith") who had received several write-ups for cursing out managers, to put her cell phone in the office.  Rather than comply with Edwards'

instruction, Smith put her cell phone in the breakroom.   After Smith cursed at Edwards and refused to comply with the instruction, Edwards sent Smith home. Meanwhile, Norman entered the Macon Restaurant, where Smith exclaimed, "Fuck you Tomeka."   Subsequently, Smith called her mother, who came to the Macon Restaurant, where she too threatened and cursed Edwards.

28.

Following Smith's tirade, Edwards returned to work.   Thereafter, a Shift Manager, Tequilla Coney ("Coney"), came to the Macon Restaurant and inquired about the Smith incident.   In response, Edwards explained the incident and advised Coney that Smith was no longer employed at the Macon Restaurant.   Overhearing the discussion, Norman stated, "Are you still talking about this?  Okay, just go home for the rest of the day."

29.

After being sent home without cause on November 23, 2020, Edwards called Kira G. Miller ("Miller"), Human Resources/LP Field Coach, to discuss the Smith incident and to complain about Norman's adverse employment action.   Because Smith had properly disciplined Smith and Edwards had not disciplinary history, Norman's adverse employment actions was obviously related to Edward's pregnancy.   In response to Edward's complaints, Miller stated, "We can't have team

members cursing out Managers." However, Miller did not take any remedial action concerning Norman's conduct.

30.

Defendants suspended Edwards pending an investigation, during which time several employees confirmed Smith's unprofessional, disrespectful, and insubordinate conduct.

31.

Despite the fact that Defendants' purported investigation confirmed that Edwards did not engage in misconduct concerning Smith, on or about November 29, 2020, Norman advised Edwards that Edwards' employment was terminated, *purportedly* for "unprofessional behavior." Because Edwards had never been disciplined for professional misconduct and the witnesses confirmed Smith's professional misconduct, Edwards disagreed with and challenged Norman's decision to terminate Edwards' employment. Nevertheless, Norman proceeded, without cause of justification, with the termination of employment within weeks of learning of Edwards' pregnancy.

32.

Prior to the termination of employment, Edwards had never been written-up, disciplined, or otherwise the subject of any adverse employment actions.

33.

Under no uncertain terms, Defendants terminated Edwards' employment and punished Edwards based solely upon Edward's pregnancy.

34.

Other employees and individuals, outside of Edwards' protected class, were treated differently because these employees and individuals, who were not pregnant, were not terminated or otherwise subjected to adverse employment actions associated with *purported* unprofessional behavior.

35.

Edwards was qualified and capable of continuing employment as a General manager despite Edwards' pregnancy.

36.

As a result of Defendants' unlawful actions, Edwards has suffered, among other things, lost wages and benefits, as well as severe emotional distress.

## CLAIMS FOR RELIEF

### COUNTS I AND II:
### PREGNANCY DISCRIMINATION
### IN VIOLATION OF TITLE VII AND ADA
### (Against Defendant Tacala)

37.

Edwards re-alleges and incorporates, by reference, each and every preceding Paragraph of the Complaint as if set forth fully herein.

38.

Title VII and the ADA prohibit employers from discriminating against employees because of pregnancy.

39.

Defendants violated Title VII and the ADA, such that a cause of action exists where discrimination on the basis of pregnancy was the causative agent of adverse actions directed at Edwards by Defendants.

40.

At all relevant times, Edwards was a pregnant female, qualified individual under the ADA, employee of Tacala, and a member of a protected class under Title VII and the ADA.

41.

At all relevant times, Edwards was qualified for her position, and capable of performing, as a General Manager.

42.

At all relevant times, Tacala was Edwards' employer, as defined by Title VII and ADA.

43.

At all relevant times, Norman was Market Manager—serving as Edwards' supervisor—responsible for, among other things, terminating Edwards' employment.

44.

Within days of learning of Edwards' pregnancy, Defendants suspended and terminated Edwards' employment purportedly due to the Smith incident, wherein Edwards terminated Smith's employment based upon Smith's insubordination.

45.

With the knowledge that Edwards was pregnant, Defendants terminated Edwards' employment solely because of the pregnancy.

46.

Defendants' termination of Edwards' employment due to pregnancy constitutes unlawful discrimination on the basis of pregnancy in violation of Title VII and the ADA.

47.

As a result of the termination of employment based solely upon Edward's pregnancy, Edwards was treated less-favorably than similarly-situated, non-pregnant employees of Tacala in violation of Title VII and the ADA.

48.

Defendants willfully and wantonly disregarded Edwards' rights.

49.

Defendants discriminated against Edwards in bad faith.

50.

The effect of the conduct complained of herein has been to deprive Edwards of equal employment opportunity and to otherwise adversely affect Edwards' status as an employee solely because of Edwards' pregnancy.

51.

As a direct and proximate result of Defendants' intentional violation of Title VII and the ADA, Edwards has been made the victim of acts that have adversely affected Edwards' psychological and physical well-being and, therefore, Tacala is liable for these damages.

## COUNTS III AND IV
## RETALIATION
## IN VIOLATION OF TITLE VII AND ADA
### (Against Defendant Tacala)

52.

Edwards re-alleges and incorporates by reference each of the foregoing paragraphs as if fully restated herein.

53.

Title VII and the ADA prohibit retaliation against an employee who opposes discrimination on the basis of, *inter alia*, gender, pregnancy, and/or disability.

54.

After learning of Edwards' pregnancy, Defendants sent Edwards home without cause and/or justification.

55.

Following Edwards objection and complaint to Human Resources concerning being sent home without justification and/or cause, Defendants immediately suspended and terminated Edwards' employment.

56.

Defendants' adverse employment actions against Edwards constitute unlawful retaliation against Edwards in violation of Title VII and ADA.

57.

Defendants' retaliatory actions were willful, deliberate, and intended to cause Edwards harm and/or were committed with reckless disregard of the harm causes to Edwards in derogation of Edwards' Federally-protected rights.

58.

As a direct and proximate result of Defendants' retaliation, Edwards has suffered financial losses, been deprived of employment, and otherwise lost compensation in the form of, *inter alia*, wages, insurance, retirement benefits, social security benefits, and other due benefits.

59.

Defendants' retaliation has also caused, continues to cause, and will cause Edwards to suffer injuries, warranting an award of compensatory and punitive damages in an amount to be determined at trial.

60.

Edwards is entitled to recover attorney's fees and litigation expenses.

## COUNT V:
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## IN VIOLATION OF THE LAWS OF THE STATE OF GEORGIA
### (Against Defendants Tacala and Norman)

61.

Edwards re-alleges and incorporates, by reference, each and every preceding Paragraph of the Complaint as if set forth fully herein.

62.

Defendants' statements, conduct, and behavior towards Edwards were intentional and reckless, extreme and outrageous, causing Edwards severe shame, humiliation, embarrassment, and emotional distress of a nature that no pregnant person should endure.

63.

Defendants' statements, conduct, and behavior towards Edwards demonstrate, among other things, a "retaliatory animus."  For example, after learning of Edwards' pregnancy, Norman demanded confirmation from Edwards and stated, "You are 40 years old and you really don't need any kids."  Then, after Norman sent Edwards home without cause of justification, Edwards complained to Human Resources. Immediately thereafter, Defendants terminated Edwards' employment.

64.

At all relevant times, the Parties had a special, employer-employee relationship, wherein Defendants had control over Edwards and Edwards' income, livelihood, and/or healthcare during Edwards' known pregnancy.

65.

When engaging in the intentional, reckless, extreme, and outrageous conduct towards Edwards, Defendants knew that Edwards was pregnant.

66.

Defendants knew or should have known that such conduct would result in the severe emotional distress suffered by Edwards.

67.

As a result of Defendants' conduct, Edwards has and will continue to suffer severe emotional distress, medical complications associated with the pregnancy, and other damages for which Edwards is entitled to recover.

## COUNT VI
## NEGLIGENT RETENTION AND SUPERVISION
## IN VIOLATION OF GEORGIA LAW
### (Against Defendant Tacala)

68.

Edwards re-alleges and incorporates by reference each of the foregoing paragraphs as if fully restated herein.

69.

As a result of the actions taken by Norman, Edwards suffered, among other things, discrimination based on pregnancy and disability, as well as retaliation.

70.

Tacala owed Edwards a duty to hire, retain, and supervise employees who would lawfully conduct themselves and not engage in discriminatory, retaliatory, or tortious conduct.

71.

By negligently retaining and supervising its employees, including Norman, Tacala breached its duty to hire, retain, and supervise an employee who would lawfully behave.

72.

Tacala knew or, in the exercise of ordinary diligence, should have known of the propensity of its employees, to engage in unlawful conduct against Edwards.

73.

By failing to engage in any corrective or remedial action, Tacala ratified, condoned, and/or adopted its employees' unlawful conduct.

74.

As a direct and proximate result of Tacala's negligent retention and supervision of its employees, as well as the failure to take any remedial or corrective action with respect to the known unlawful actions taken by Tacala's employees, including Norman, Edwards suffered damages.

75.

Tacala's negligent conduct entitles Edwards to compensatory damages, punitive damages, as well as any and all other remedies available under the law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(1)    Grant Plaintiff a trial by jury as to all triable issues of fact;

(2)    Grant declaratory judgment that Plaintiff's rights under Title VII and
       ADA were violated;

(3)    Grant an injunction prohibiting the Defendants from engaging in such
       unlawful conduct in the future;

(4)    Award compensatory damages in an amount to be determined by a jury;

(5)    Award appropriate back wages, future wages, and compensation for
       other damages in amounts to be shown at trial;

(6)    Award prejudgment interest on any award of back pay;

(7)    Award liquidated damages;

(8)    Award punitive damages in an amount reasonable and commensurate
       with the harm done and calculated to deter such conduct in the future;

(9)    Award Plaintiff's attorneys' fees, costs, and disbursements; and

(10)   Award Plaintiff such further and additional relief as may be just and
       appropriate.

*[SIGNATURE ON THE FOLLOWING PAGE]*

Respectfully submitted, this 29th day of June, 2021.

MOLDEN & ASSOCIATES

*/s/ Regina S. Molden*
REGINA S. MOLDEN
Georgia Bar No. 515454
T. ORLANDO PEARSON
Georgia Bar No. 180406
YIYING ZHANG
Georgia Bar No. 798231
Peachtree Center – Harris Tower, Suite 1245
233 Peachtree Street, NE
Atlanta, Georgia 30303
(404) 324-4500
(404) 324-4501 (facsimile)
Email:  rmolden@moldenlaw.com
Email:  topearson@moldenlaw.com
Email:  azhang@moldenlaw.com

*Counsel for Plaintiff Tomeka C. Edwards*

## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

TOMEKA C. EDWARDS,

      Plaintiff,

  vs.

TACALA GEORGIA CORP., doing
business as Taco Bell, and OLIVIA
NORMAN,

      Defendants.

CIV. ACTION NO. _____

JURY TRIAL DEMANDED

## LOCAL RULE AND SERVICE CERTIFICATION

The undersigned certifies that this document has been prepared with a font and point selections approved by the Court in Local Rule 5.1(B) and that the foregoing **Complaint for Damages** has been filed with the Clerk using the CM/ECF system which will notify to the attorney(s) of record.

Respectfully submitted, this 29th day of June, 2021.

MOLDEN & ASSOCIATES

*/s/ T. Orlando Pearson*
T. ORLANDO PEARSON
Georgia Bar No. 180406